UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRUZ RODRIGUEZ; | ) | |
| AUREA RODRIGUEZ; | ) | |
| LUIS RODRIGUEZ; | ) | |
| OSCAR RODRIGUEZ; and | ) | |
| ROMULO ACUNA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 16 CV 5720 |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| CHAD SMITH, Star No. 6021 | ) | |
| SCOTT KONIOR, Star No. 14328, | ) | |
| MICHAEL FERGUS, Star No. 17370 | ) | |
| JOHN SWARBRICK, Star No. 4089 | ) | |
| MARCO MENDOZA, Star No. 17156 | ) | |
| LUIS REYES, Star No. 15014 | ) | |
| MARTY RIDGE, Star No. 7538 | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

Now comes Plaintiffs, CRUZ RODRIGUEZ, AUREA RODRIGUEZ, RODRIGUEZ, LUIS RODRIGUEZ, OSCAR RODRIGUEZ, and ROMULO ACUNA ("Plaintiffs"), by and through their attorneys, Jeffrey B. Granich and Joshua L. Morrison, and makes the following complaint against Defendant CITY OF CHICAGO, ILLINOIS, ("Defendant City"), and CHICAGO POLICE OFFICERS SMITH, Star No. 6021; KONIOR, Star No. 14328; FERGUS, Star No. 17370; SWARBRICK, Star No. 4089; MENDOZA, Star No. 17156; REYES, Star No. 15014; RIDGE, Star No. 7538 ("Defendant Officers"):

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. At all times relevant hereto, Plaintiff CRUZ RODRIGUEZ was a 62 year-old Hispanic male resident of Chicago, Illinois.

5. At all times relevant hereto, Plaintiff AUREA RODRIGUEZ was a 61 year-old Hispanic female resident of Chicago, Illinois.

6. At all times relevant hereto, Plaintiff LUIS RODRIGUEZ was a 32 year old Hispanic male resident of the Chicago, Illinois. LUIS RODRIGUEZ is the son of Plaintiff CRUZ and AUREA RODRIGUEZ.

7. At all times relevant hereto, Plaintiff OSCAR RODRIGUEZ was a 31 year old Hispanic male resident of Chicago, Illinois. OSCAR RODRIGUEZ is the son of Plaintiff CRUZ and AUREA RODRIGUEZ.

8. At all times relevant hereto, Plaintiff ROMULO ACUNA was a 41 year old Hispanic male resident of Chicago, Illinois. ROMULO ACUNA is the son-in-law of Plaintiffs CRUZ and AUREA RODRIGUEZ.

9. At all times relevant hereto, Defendant CHICAGO POLICE OFFICERS SMITH, Star No. 6021; KONIOR, Star No. 14328; FERGUS, Star No. 17370; SWARBRICK, Star No. 4089; MENDOZA, Star No. 17156; REYES, Star No. 15014; and RIDGE, Star No. 7538 were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

10. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

## FACTUAL ALLEGATIONS

11. On May 31, 2014 and continuing into the early morning hours of June 1, 2014, Plaintiffs CRUZ RODRIGUEZ and AUREA RODRIGUEZ were hosting a family gather at their residence at 1537 N. Talman Ave, Chicago, Illinois. During the gathering some of the visiting family members and guests were inside of the residence and some were outside in the front curtilage of the residence.

12. At all times relevant hereto, all guests of the gathering were acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

13. Plaintiffs' residence is located on a residential block in the City of Chicago and the home is surrounded by an exterior gate which at all times was closed and locked.

14. At some point in the early morning hours of June 1, 2014, one or more of the Defendant Officers approached the residences and jumped over the gate of Plaintiffs home without just cause, consent, exigent circumstance, or probable cause to believe anyone inside of the residence had or was committing a crime.

15. Prior to the Defendant Officers jumping the gate and entering the curtilage of Plaintiffs residence, the Defendant Officers were denied consent by one or more of the Plaintiffs permission to enter the protective gate surrounding the home at 1537 N. Talman Ave.

16. After one or more of the Defendant Officers jumped the Plaintiffs gate and unlawfully entered the curtilage of Plaintiffs home, the Defendant Officers proceeded to violently and forcefully kick the front door of the Plaintiffs residence in an attempt to enter the interior of Plaintiffs home.

17. Prior to the Defendant Officers forcefully entering the interior of Plaintiffs home, one or more of the Plaintiffs specifically informed the Defendant Officers that they did not have permission or consent to enter the home.

18. Despite the lack of consent, exigent circumstance, or a warrant, one or more Defendant Officers proceeded to kick open the front door of Plaintiffs home and enter the Plaintiffs residences.

19. At no time during this illegal entry into Plaintiffs home did the Defendant Officers have a valid arrest warrant, search warrant, consent, exigent circumstances, or probable cause to believe that Plaintiffs, or anyone inside of the residences, had or was committing a crime.

20. After entering Plaintiffs home, one or more of the Defendant Officers proceeded to physically assault Plaintiffs CRUZ RODRIGUEZ, AUREA RODRIGUEZ, LUIS RODRIGUEZ, and ROMULO ACUNA without just cause. The physical assault on Plaintiffs cause severe physical pain and injury to Plaintiffs that required medical treatment.

21. After the Defendant Officers assault on Plaintiffs was over, one or more of the Defendant Officers proceeded to arrest Plaintiffs CRUZ RODRIGUEZ, LUIS

3

RODRIGUEZ, OSCAR RODRIGUEZ, and ROMULO ACUNA, without just or probable cause in an aggressive, violent, and overly restrictive manner.

22. To justify the unlawful and unconstitutional actions of the Defendant Officers, one or more of the Defendant Officers falsely alleged that Plaintiffs CRUZ RODRIGUEZ, LUIS RODRIGUEZ, and ROMULO ACUNA committed aggravated battery to a peace officers and that OSCAR RODRIGUEZ committed aggravated assault on a peace officer.

23. To further justify the Defendant Officers unlawful and unconstitutional actions on June 1, 2014, one or more of the Defendant Officers proceeded and agreed to write and draft false police reports and make false claims and allegations regarding the actions of the Plaintiffs on June 1, 2014.

24. Defendant Officers unjust and unlawful actions inside of the Plaintiffs home caused damage to occur to Plaintiffs home and furnishings.

25. Defendant Officers unjust, violent, and unlawful actions on June 1, 2014, caused Plaintiffs to suffer substantial injury, including but not limited physical and emotional pain and suffering.

26. At all times relevant hereto, Plaintiff CRUZ RODRIGUEZ was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

27. At all times relevant hereto, Plaintiff AUREA RODRIGUEZ was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

28. At all times relevant hereto, Plaintiff LUIS RODRIGUEZ was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

29. At all times relevant hereto, Plaintiff OSCAR RODRIGUEZ was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

30. At all times relevant hereto, Plaintiff ROMULO ACUNA was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**Count I – 42 U.S.C. § 1983 – Excessive Force**

31. Plaintiff re-alleges paragraphs 1 through 30 as if fully re-plead herein.

32. On or about June 1, 2014, Defendant Officers subjected Plaintiffs to excessive force.

33. The misconduct as described in the preceding paragraphs was objectively unreasonable and was undertaken intentionally, maliciously, willfully and with reckless indifference to Plaintiffs' constitutional rights.

34. As a result of the unjustified and excessive use of force, Plaintiffs suffered severe injuries, as well as severe pain and suffering, and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate them for the injuries they suffered and continues to suffer, plus, Plaintiffs seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count II – 42 U.S.C. § 1983 - Unlawful Entry/Search

35. Plaintiff re-alleges paragraphs 1 through 30 as if fully re-plead herein.

36. On June 1, 2014, Defendant Officers searched and entered Plaintiffs residence without a search warrant and without probable cause to believe Plaintiffs, or anyone inside of the home, were committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

37. The aforementioned actions of the Defendant Officers proximately caused Plaintiffs to be deprived of his 4th Amendment right to be free from unlawful Searches and governmental entries into their home.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate them for the injuries they suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count III – 42 U.S.C. § 1983 - False Arrest

38. Plaintiff re-alleges paragraphs 1 through 30 as if fully re-plead herein.

39. On June 1, 2014, Plaintiff CRUZ RODRIGUEZ, LUIS RODRIGUEZ, OSCAR RODRIGUEZ, and ROMULO ACUNA were seized and arrested without a warrant and without probable cause. These seizures and arrests were in violation of Plaintiffs' rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

40. Defendant Officers unlawfully and maliciously arrested Plaintiffs and wrongfully detained and searched them without any legal right to do so, in their official capacity as law enforcement officers, under color of state lawm and while acting within the scope of their employment with the Defendant CITY OF CHICAGO.

41. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiffs' constitutional rights and would cause harm to Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers in a fair and just amount sufficient to compensate them for the injuries they suffered and continues to suffer, plus, Plaintiff seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count IV 42 U.S.C. § 1983 – Failure to Intervene

42. Plaintiff re-alleges paragraphs 1 through 30 as if fully re-plead herein.

43. During the constitutional violations as described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

44. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with willful indifference to Plaintiffs' constitutional rights.

45. As a result of this failure to intervene to prevent the violation of Plaintiffs' constitutional rights, Plaintiffs suffered pain and injury, as well as emotional distress. These Officers had a reasonable opportunity to prevent this harm, but failed to do so.

WHEREFORE, Plaintiffs pray for judgment against Defendant Officers and Defendant City in a fair and just amount sufficient to compensate them for the injuries they suffered and continues to suffer, plus, Plaintiffs seek a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

### Count V – 42 U.S.C. § 1983 - Conspiracy

46. Plaintiff re-alleges paragraph 1 through 30 as if fully re-plead herein.

47. One or more of the Defendant Officers reached an understanding and agreement with each other to engaged in a sequence of events or course of

       conduct to conspire together to violate the constitutional rights of Plaintiffs and cover-up the unconstitutional and unlawful conduct they committed against Plaintiffs.

48. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive Plaintiffs of their right of due process, as guaranteed by the constitution, and in order to justify and cover-up the Defendant Officers unconstitutional actions.

49. Additionally, said conspiracy and joint action violated Plaintiffs' 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

50. Acting in furtherance of this plan and conspiracy, Defendants did commit overt acts, including the use of excessive and unreasonable force upon Plaintiffs, illegal entry into Plaintiffs home, and false arrest of Plaintiffs on June 1, 2014, as more fully alleged in the preceding paragraphs. Further acts of Defendant Officers in this plan and conspiracy included the creation of false and inaccurate reports that included false statements as to the actions of the Plaintiffs on June 1, 2014. The purpose of such actions was for the Defendant Officers to cover-up the Defendant Officers unconstitutional conduct.

51. This course of conduct by Defendants described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence, and directly and proximately caused injury and harm to Plaintiffs.

    WHEREFORE, Plaintiffs prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate them for the injuries they suffered and continue to suffer, plus, Plaintiffs seeks a substantial sum in punitive damages against Defendant Officers, costs and reasonable attorney fees, and all such other relief as this Court finds just and equitable.

## COUNT VI – *Monell* Policy Claim
*Against City of Chicago*

52. Plaintiffs re-alleges paragraphs 1-30 as if fully re-alleged herein.

53. The actions of the Defendant Officers as alleged above, including the illegal entry into Plaintiffs home, the unreasonable use of force, the failure to intervene, and the Defendant Officers actions to cover up their unconstitutional conduct was proximately caused and done pursuant to one or more interrelated de facto policies, practices and/or customs of the City of

Chicago, its police department, Police Board, I.P.R.A., I.A.D., Personnel Division, Superintendents, and/or mayor.

54. At all times material to this complaint the Defendant City and its police department, Superintendents, I.P.R.A., I.A.D., Personnel Division, and/or Police Board had interrelated de facto policies, practices, and customs which included:
    i. The failure to properly hire, train, supervise, discipline, transfer, monitor, and/or otherwise control police officers who commit acts of excessive force, false arrests, and/or illegal warrantless entries into homes;
    ii. The police code of silence;
    iii. The encouragement of excessive and unreasonable force;
    iv. The failure to properly investigate and discipline/punish officers that commit unconstitutional acts against civilians;
    v. Failure to remove from the streets Chicago Police Officers that have a substantial record of violence and misconduct complaints resulting in continued civilian abuses to occur by these violent police officers, including abuses similar to this alleged by Plaintiffs.

55. The policy, practice, and custom of a police code of silence resulted in police officers refusing to report instances of police misconduct of which they are aware, including the unconstitutional misconduct that occurred against the Plaintiffs here, despite their obligation under police regulations to do so, and also includes police officers either remaining silent or giving false and misleading information in official police documents and during official investigation in order to protect themselves or fellow officers from internal discipline, civil liability or criminal charges, in cases where they and their fellow officers have used excessive force or illegal entries into homes.

56. In *Obrycka v. City of Chicago*, 2012 WL 11047181 (N.D. Ill.), the longstanding and widespread CPD code of silences was again exposed when video tape and cellular phone evidence revealed Chicago police officers trying to cover up and conceal a fellow officer's vicious beating of a female bartender with the City of Chicago. The *Obrycka* jury found that the City had either (1) a widespread custom or practice of failing to investigate and/or discipline its officers; (2) a widespread custom or practice of police code of silence; or (3) both; and a judgement was entered against the City.

57. Recently, two Chicago Police officers filed a lawsuit for violation of the First Amendment rights and the Illinois Whistleblower Protection Act Statute, alleging an ongoing code of silence so pervasive that they were harassed, threatened, ostracized, and retaliated against by other officers, including supervisors, after they reported illegal conduct of a group of officers. *Spalding v. City of Chicago*, No 12-cv-8777 (N.D. Ill.).

58. That the City of Chicago final policy maker is and was aware that there exists within the Chicago Police Department and its members a "code of silence" for which Chicago Police Officer do not report police misconduct that they witnessed nor do they intervene to stop brother and sister officers from committing misconduct.

59. That due to this code of silence so prevalent in the Chicago Police Department, Chicago Police Officers are fearful to report misconduct of their brother and sister officers in fear that they will be retaliated against in the employment with the Chicago Police Department.

60. But for the belief that they would be protected, both by fellow officers and by the department, from serious consequences, Defendant Officer would not have engaged in the unconstitutional conduct against Plaintiffs which has been previously described in the Complaint.

61. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference, and encouraged the Defendant officers to commit the aforesaid acts against Plaintiffs therefore acted as the moving force and were, separately and together, direct and proximate causes of the Plaintiffs injuries.

62. These policies, practices and customs encouraged the unreasonable and unconstitutional misconduct at issue here, including the fabrication of evidence, making false statements and reports, and the code of silence and were, separately and together, the moving force and direct and proximate cause of the unconstitutional acts committed by the Defendants in this case and the injuries sustained by the Plaintiffs.
.
. WHEREFORE, pursuant to 42 U.S.C. 1983, Plaintiff demands substantial actual or compensatory damages, plus costs, reasonable attorney fees, and whatever additional relief this Court deems equitable and just.

### COUNT VI – Indemnification

63. Plaintiffs re-allege paragraphs 1 through 30 as if fully re-plead herein.

64. The Defendant CITY OF CHICAGO is the employer of the Defendant Officers.

65. The Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant CITY.

66. That pursuant to 745 ILCS 10/9-102, should the Defendant Officers be found liable for the acts alleged above, Defendant CITY shall pay any judgment of actual damages Plaintiffs obtain against the Defendant Officers.

WHEREFORE, Plaintiffs pray for judgment against Defendant CITY OF CHICAGO for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

Respectfully submitted,

CRUZ RODRIGUEZ; AUREA RODRIGUEZ; LUIS RODRIGUEZ; OSCAR RODRIGUEZ; and ROMULO ACUNA

Plaintiffs,

By: /s/ *Jeffrey B. Granich*
　　　　Jeffrey B. Granich
　　　　Attorney for Plaintiff


JEFFREY B. GRANICH
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 1028
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6207030

JOSHUA L. MORRISON
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd.
Suite 1028
Chicago, IL 60604
(312) 939-9009
A.R.D.C. No. 6305990